**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

Ryan McMillian, individually and on          )
behalf of others similarly situated,         )
                                             )
           Plaintiff,                     )
                                             )          **ORDER DENYING**
        vs.                                )          **DEFENDANT'S MOTION**
                                             )
DMS Operating, LLC,                          )          Case No. 1:19-cv-090
                                             )
           Defendant.                     )

_____

      Before the Court is the Defendant's "Motion To Enforce Arbitration Agreement" filed on

March 22, 2021.  See Doc. No. 62  The Plaintiff filed a response in opposition to the motion on April

5, 2021.  See Doc. No. 65.  The Defendant filed a reply brief on April 14, 2021.  See Doc. No. 68.

The Plaintiff filed a surreply on April 16, 2021.  See Doc. No. 72.  For the reasons set forth below,

the motion is denied.


**I.**      **BACKGROUND**

      The Plaintiff, Ryan McMillian, filed this Fair Labor Standards Act ("FLSA") lawsuit on May

31, 2019.  See Doc. No. 1.  McMillian alleges the Defendant DMS Operating, LLC, ("DMS")

improperly classified him, and other similarly situated workers, as independent contractors and failed

to pay them overtime for hours worked in excess of forty hours in a single workweek.  In August,

2019, McMillian and DMS signed an agreement to submit their dispute to arbitration ("Arbitration

Agreement").  See Doc. No. 62-1.  On September 3, 2019, the parties filed a "stipulation of

conditional certification" seeking conditional certification of the case as a collective action under the

FLSA and the creation of an opt-in class consisting of "current and former operators employed by,

or working on behalf of, DMS Operating, LLC as independent contractors in the United States at any time during the time period [covering the period that is three years prior to the date of this Order] who were paid a day rate."  <u>See</u> Doc. No. 29.  The Court adopted the stipulation on September 5, 2019.  <u>See</u> Doc. No. 30.  Between October 11, 2019, and December 18, 2019, eighteen individuals joined the lawsuit as opt-in plaintiffs and appointed McMillian as their agent.  <u>See</u> Doc. Nos. 34-36 and 41-51.  On March 3, 2021, the opt-in plaintiffs began filing individual arbitration demands with the American Arbitration Association ("AAA.")  <u>See</u> Doc. Nos. 62-2 through 62-7.  As a basis for compelling arbitration, the opt-in plaintiffs cited the arbitration provision in the Independent Contractor Agreements they signed with DMS before they began working for DMS.  <u>See</u> Doc. No. 65-1.  In the motion now before the Court, DMS seeks an order compelling the individual arbitration demands to be consolidated into a single arbitration case.

## II.   <u>LEGAL DISCUSSION</u>

DMS contends the individual arbitration demands are contrary to the terms of the Arbitration Agreement which, according to DMS, contemplated a single arbitration claim for all class members. McMillian maintains the Arbitration Agreement only binds him and has no effect on the other class members.  McMillian and the class members are not opposed to individualized arbitration, but they oppose class arbitration.

As a threshold question, the Court must decide, as a substantive question of arbitrability, whether the Court or the arbitrator should decide whether the Arbitration Agreement requires class arbitration.  It is well-established that "the question of class arbitration belongs with the courts as a substantive question of arbitrability."  <u>Catamaran Corp. v. Towncrest Pharmacy</u>, 864 F.3d 966, 972

(8th Cir. 2017) (Catamaran I).  Nevertheless, the parties to an arbitration agreement may commit the question of class arbitration to an arbitrator if they do so "clearly and unmistakably" in their arbitration agreement.  Id. at 972.  The "incorporation of [the arbitrator's rules] by reference is insufficient evidence that the parties intended for an arbitrator to decide the substantive question of class arbitration."  Id. at 973.  In this case, the Arbitration Agreement makes no mention of class arbitration, no mention of delegating the question of class arbitration to the arbitrator, and no mention of the incorporating arbitrator's rules.  The Arbitration Agreement has "clearly and unmistakably" failed to delegate the question of class arbitration to the arbitrator.  Because the Arbitration Agreement does not delegate the issue of class arbitration, the Court must decide the question.

The next question the Court will address is whether the Arbitration Agreement provides a contractual basis for class arbitration.  "[A] party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." Catamaran Corp. v. Towncrest Pharmacy, 946 F.3d 1020, 1022–23 (8th Cir. 2020) (Catamaran II) (quoting Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 682 (2010)).  There must be an affirmative contractual basis to find the parties have agreed to class arbitration.  Id. at 1023.  There can be no presumption in favor of class arbitration based upon mere silence in the arbitration agreement.  Id.  Silence regarding class arbitration is indicative of prohibition.  Id.

DMS's motion is premised solely upon the Arbitration Agreement it signed with McMillian in August of 2019.  The Arbitration Agreement makes no mention of class arbitration.  DMS fails to draw the Court's attention to any provision in the Arbitration Agreement which supports its request that the Court order class arbitration.  The record reveals no evidence McMillian or the opt-in class members have consented to class arbitration.  With the Arbitration Agreement silent, there can be

no finding that the parties have consented to class arbitration.

In addition, the FLSA opt-in class did not exist until the Court adopted the parties' stipulation on September 5, 2019.  The class members were not parties to the Arbitration Agreement between McMillian and DMS which was signed in August of 2019.  Basic principles of contract law prevent the opt-in class members from being bound by an agreement to which they were not parties.

## III.   **CONCLUSION**

For the reasons set forth above, the Defendant's motion to enforce arbitration agreement (Doc. No. 62) and motion for hearing (Doc. No. 63) are **DENIED**.[1]

**IT IS SO ORDERED**.

Dated this 3rd day of May, 2021.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court

---

[1]McMillian suggests in his response to DMS's motion that the Court stay the case pending the outcome of the individual arbitration proceedings.  If McMillian desires a stay he must file a motion.  DMS would then have the opportunity to respond before the Court rules on the motion.